IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

FERNANDO LAMAS MASON,            )
                                 )
                 Petitioner,     )
                                 )
        v.                       )   1:15CV30
                                 )
FRANK L. PERRY,                  )
                                 )
                 Respondent.     )

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, submitted a petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody, together with an application to proceed *in forma pauperis*.[1] Rule 4 of the Rules Governing Section 2254 Proceedings, states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Further, a writ of habeas corpus may only issue if a petitioner demonstrates that he is in state custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a).

Here Petitioner sets out several potential claims based on a prison disciplinary conviction for possessing contraband. All of the claims allege in various ways that prison

---

[1] Petitioner also filed an affidavit and supporting exhibits (Docket Entry 3, Exs.) and a Motion (Docket Entry 3) seeking leave expand the record to include the affidavit and exhibits. The Court will grant the Motion to include the submissions and will consider the affidavit and exhibits.

officials violated Petitioner's due process rights by falsely accusing him of possessing methamphetamine laced gummy bears. Petitioner's due process claims fail on their face because Petitioner's own exhibits reveal that he suffered no loss of good time that could affect the length of his sentence, nor did the State subject him to any punishment or confinement beyond that contemplated in his original sentence. Accordingly, no due process concerns arose. Gaston v. Taylor, 946 F.2d 340, 343-44 (4th Cir. 1991). Petitioner's due process claims fails and should be dismissed.

Petitioner also claims that prison officials' actions violated his right to equal protection under the law. The exact nature of this claim is difficult to discern from Petitioner's pleadings. To state a claim based on an equal protection violation, Plaintiff must show that "he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination. Once this showing is made, the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny." Morrison v. Garraghty, 239 F.3d 648 (4th Cir. 2001). Here, Petitioner points to no similarly situated prisoners, i.e. prisoners who engaged in the same conduct, but were not disciplined. Therefore, he states no equal protection claim. Overall, Petitioner states no claim for relief and his entire Petition should be denied.

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that Petitioner's Motion (Docket Entry 3) seeking to expand the record is granted.

IT IS FURTHER ORDERED that the Clerk, at the point a judgment is entered, notify Petitioner of the filing, dismissal, and entry of judgment.

IT IS RECOMMENDED that Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 be denied and that judgment be entered dismissing the action.

This, the 13th day of January, 2015.

_____
Joe L. Webster
United States Magistrate Judge