IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| FERNANDO LAMAS MASON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:15CV30 |
| | ) | |
| FRANK L. PERRY, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entries 2, 3, and 6.) Respondent has filed an Answer (Docket Entry 8), a Motion for Summary Judgment (Docket Entry 9), and a Brief in Support of the Motion for Summary Judgment (Docket Entry 10).[1] Petitioner has filed a Response to the summary judgment motion. (Docket Entry 13.) This case is now prepared for a ruling.

*Background*

Petitioner entered a plea of guilty to second degree murder and first degree kidnapping and was sentenced to life imprisonment. *State v. Mason*, 125 N.C. App. 216, 217 (1997). His appeal was unsuccessful. *Id.* at 226. The Supreme Court of North Carolina denied his request for further review. *State v. Mason*, 346 N.C. 286 (1997). Later, in 2014, Petitioner was found guilty, after a hearing, of a disciplinary infraction involving Gummi Bears said to contain methamphetamine. (Doc. 10, Ex. 2 at 5.)

---

[1] Respondent expressly declines to waive the exhaustion requirement. (Docket Entry 10 at 6-7.) However, this Court is authorized to deny Petitioner's claims on the merits notwithstanding non-exhaustion. *See* 28 U.S.C. § 2254(b)(2).

The record of this disciplinary hearing reads as follows:

> WAIVER AND APPEAL OPTIONS EXPLAINED TO INMATE MASON. INMATE MASON PLED NOT GUILTY TO OFFENSE A-12 INMATE ACKNOWLEDGED THE RECEIPT AND READING OF HIS RIGHTS. ALL STATEMENTS AND THE INVESTIGATING OFFICER'S REPORT WERE READ DURING THE HEARING. INMATE DID NOT REQUEST LIVE WITNESSES OR STAFF ASSISTANCE AT THE HEARING. SUMMARY OF FACTS IS AS FOLLOWS: ON 02/22/14 AT 1105 SGT. MICHAEL GRAHAM STATES ON THE 138B WHILE SUPERVISING VISITATION HE OBSERVED INMATE MASON'S VISITOR PUT SOMETHING INTO HIS HAND. INMATE MASON THEN SLID THE ITEM DOWN HIS LONG JOHN SHIRT SLEEVE. SGT. GRAHAM STATES HE IMMEDIATELY ORDERED INMATE TO STAND UP AND PUT HIS HANDS UP. INMATE MASON WAS ESCOR[T]ED OUT OF VISITATION. SGT. GRAHAM CONDUCTED A SEARCH. WHILE INMATE MASON WAS TAKING HIS SHIRT OF[F] HE ATTEMPTED TO THROW THE ITEMS BEHIND HIM. SGT. GRAHAM RETRIEVED THE ITEMS THEY WERE EIGHT PIECES OF CANDY (GUMMY BEARS) INMATE WAS TAKEN TO SEGREGATION. THE GUMMY BEARS WERE GIVEN TO THE INTEL OFFICER WHO STATES ON THE 138B THAT HE TESTED THE GUMMY BEARS AND THEY TESTED POSITIVE FOR METHAMPHETAMINE. INMATE MASON WROTE NO STATEMENT ON THE 138B AND SIGNED THE FORM.
>
> DURING THE HEARING INAMTE [SIC] MASON STATED THAT HE HAD THE THE [SIC] CANDY BUT THAT THEY WERE JUST GUMMY BEARS. INMATE STATES THAT HE DOES NOT THINK THAT HE SHOULD BE CHARGED WITH THIS BECAUSE THE TEST SHOULD NOT BE ABLE TO BE USED. A PHOTOCOPY OF THE CONTRABAND IS ATTACHED TO THE PACKAGE. THE CONTRABAND HAS BEEN TURNED OVER TO THE RICHMOND COUNTY SHERIFF'S DEPT.

> BASED ON THE REPORTING PARTY'S STATEMENT AND INVESTIGATING OFFICER'S REPORT, A FINDING OF GUILTY IS ENTERED FOR OFFENSE A-12.
>
> PUNISHMENT IMPOSED TO DETER FUTURE ACTS OF THIS NATURE.
>
> APPEAL RIGHTS EXPLAINED TO INMATE BY DHO, APPEAL FORM GIVEN TO INMATE BY DHO.

(*Id.*) Petitioner's appeal of this matter to prison authorities was unsuccessful. (*Id.* at 2.) As a result, Petitioner contends, he was subject to "60 Days Segregation – Demoted To Close Custody." (Docket Entry 2, § 3.)

### *Petitioner's Claims*

Petitioner now raises the following issues: (1) a violation of equal protection and procedural due process by falsely accusing him of possession of methamphetamine; (2) neither Petitioner nor his brother have been charged with any crime as a result of allegedly possessing methamphetamine; (3) Intel Officer A. Shaw falsified a drug testing report and presented the infraction when Petitioner was unable to demand detailed proof; and (4) the Superintendent of Morrison Correctional Institution should be held to a higher standard and liable for constitutional injuries inflicted by his subordinates. (Docket Entry 2, § 12.)

### *Discussion*

All Petitioner's claims involve, in essence, an assertion that he was wrongly punished for possessing methamphetamine while incarcerated on other charges. As a result of these false allegations, Petitioner contends, he was subject to "60 Days Segregation – Demoted To Close Custody." (Docket Entry 2, § 3.) He contends further that this caused him "to be ineligible for parole and for promotion" and that he also lost 40 days of sentence reduction

3

credits. (Docket Entry 2 at 5; Docket Entry 6 at 3, Ex. 2.) In a later pleading, Petitioner clarifies that that the harm here is that the date of his parole eligibility has been impacted as a result of Respondent's wrongful acts. (Docket Entry 13 at 7.)

The problem with Petitioner's claims is that even if they were successful, they would not reduce the length of his sentence. In North Carolina, sentence reduction credits do not shorten the length of a life sentence. *Jones v. Keller*, 698 S.E.2d 49 (N.C. 2010); *Bartlett v. Perry*, No. 5:14-HC-2046-F, 2015 WL 4910144, at *2 (E.D.N.C. Aug. 17, 2015). Nor does an inmate sentenced to life imprisonment in North Carolina have a liberty interest in sentence reduction credits. *Waddell v. Dep't of Correction*, 680 F.3d 384, 395 (4th Cir. 2012). Likewise, a prisoner has no protected liberty interest in the grant of parole.[2] Consequently, even if Petitioner were

---

[2] *See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 10-11 (1979) ("That the state holds out the *possibility* of parole provides no more than a mere hope that the benefit will be obtained . . . To that extent the general interest asserted here is no more substantial than the inmate's hope that he will not be transferred to another prison, a hope which is not protected by due process.") (citation omitted); *see also Jago v. Van Curen*, 454 U.S. 14, 18 (1981) (mutually explicit understanding that inmate would be paroled does not create liberty interest); *Gaston v. Taylor*, 946 F.2d 340, 344 (4th Cir. 1991) (because the decision whether to grant parole is discretionary, "a prisoner cannot claim entitlement and therefore a liberty interest in the parole release"); *Kuplen v. Perry*, No. 1:14CV78, 2014 WL 1347768, at *1 (M.D.N.C. Apr. 4, 2014) ("to the extent that Petitioner may have concerns that the disciplinary conviction could affect his opportunity for parole, this also states no claim for relief because parole is discretionary in North Carolina"), *report and recommendation adopted*, No. 1:14CV78, 2014 WL 2442085 (M.D.N.C. May 30, 2014) *appeal dismissed*, 608 F. App'x 148 (4th Cir. 2015).

4

to prevail in the current action, it would not reduce the length of his life sentence. As a result, Petitioner's claims are not cognizable in this proceeding[3] and are subject to dismissal.[4]

For the reasons set forth above, Respondent's Motion for Summary Judgment (Docket Entry 9) should be granted and the Petition (Docket Entries 2-3, 6) should be dismissed. An evidentiary hearing is not warranted in this matter.

**IT IS THEREFORE RECOMMENDED** that Respondent's Motion for Summary Judgment (Docket Entry 9) be **GRANTED**, that the Petition (Docket Entries 2-3, 6) be **DISMISSED**, and that Judgment be entered dismissing this action.

February 22nd, 2016

Joe L. Webster
**United States Magistrate Judge**

---

[3] *See, e.g., Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005) (concluding that federal habeas relief improper "where success in the action *would not necessarily* spell immediate or speedier release for the prisoner"); *Gantt-El v. Brandon*, No. 1:11-CV-264, 2012 WL 3095330, at *3 (M.D.N.C. July 30, 2012) (concluding that Petitioner's claims were non-cognizable on federal habeas review where they "do[ ] not affect the fact or duration of his confinement"); *Eley v. Lewis*, No. 5:10-HC-2001-FL, 2011 WL 677284, at *2 (E.D.N.C. Feb. 15, 2011) ("[L]oss of good-time credit [from] disciplinary conviction does not affect the duration of his confinement. Thus, he may not challenge his disciplinary proceeding in a federal habeas corpus petition.").

[4] *See also Hammer v. Pearson*, No. 7:14–cv–00313, 2015 WL 467536, at *1 (W.D.Va. Feb. 3, 2015) ("[I]nmates do not have a protected liberty interest in earning a specific rate of good conduct time. The effect of a classification change on the ability to earn good-time credit is too speculative to constitute a deprivation of a protected liberty interest. . . . Furthermore, an inmate does not have a constitutional right to be placed in a specific security classification, and custodial classifications, like segregation, do not create a major disruption in a prisoner's environment. Moreover, Petitioner does not establish that his brief confinement in segregation exceeded a sentence in such an extreme way as to give rise to due process protections of the Fourteenth Amendment. Lastly, a claim that prison officials have not followed their own policies or procedures does not amount to a constitutional violation . . . . For all these reasons, Petitioner's claims are non-cognizable on federal habeas review.") (citations omitted).